### BRODIE v. HOGAN.

(Supreme Court, Special Term, Kings County.   July 18, 1912.)

1. EXECUTION (§ 402\*)—EXECUTION AGAINST WAGES—PROVISIONS OF ORDER.
    Under Code Civ. Proc. § 1391, providing that, where any wages, etc.,
    are or shall become due the judgment debtor, the court shall, upon ap-
    plication, order that execution issue against such wages, which "shall be-
    come a lien and a continuing levy upon the wages, and said levy shall be
    a continuing levy until said execution and the expenses thereof are fully
    satisfied," an order directing an execution to issue against wages should
    not provide that the levy shall become a continuing levy until the execu-
    tion and expenses thereof, "together with $2.85, actual disbursements
    incurred since obtaining said judgment, which are hereby allowed upon
    this proceeding, are fully satisfied and paid"; the allowance of the addi-
    tional sum not being authorized.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159;
    Dec. Dig. § 402.\*]

2. EXECUTION (§ 402\*)—ORDER DIRECTING ISSUANCE—PLACE OF APPLICATION.
    Orderly practice requires that an order directing the issuance of an
    execution against wages should be applied for in the judicial district
    where the judgment debtor lives.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159;
    Dec. Dig. § 402.\*]

Action by one Brodie against one Hogan.   On motion for the issu-
ance of execution.   Motion denied.

Wm. Mahler, of New York City, for plaintiff.
Henry Salant, of New York City, for defendant.

BLACKMAR, J.   This is one of fourteen cases by the same plain-
tiff against different defendants.   In each of them application is made
for the issuance of an execution against wages pursuant to section
1391 of the Code of Civil Procedure.   It appears that the defendant
in each action resides in the city of New York; that judgments in all
the actions were entered in the county of Onondaga upon confession;
that they are all for small sums of money, most of them below $50
in amount; that transcripts of the judgments were filed and docketed
in New York county; that executions were issued "out of" the Su-
preme Court of Onondaga county, which have been returned wholly
unsatisfied.   The affidavit then avers that a certain definite amount
has been actually expended, or will necessarily be expended, upon this
execution as sheriff's fees and in obtaining certified copies of the order
herein and the execution, and that the judgment debtor is employed
by the city of New York.   An order for the issuance of an execution
is then prayed for to the justice sitting in Kings County.

[1] The proposed order in each case recites:

"That the said levy shall become a continuing levy until said execution
and the expenses thereof, together with $2.85 actual disbursements incurred
since obtaining said judgment, which are hereby allowed upon this proceed-
ing, are fully satisfied and paid."

Whatever may be said of the regularity of this proceeding, there
is no warrant in law that I am aware of to authorize a judge to issue
an order containing this last-quoted clause.   The statute says that the

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid. This proposed order contains the so-called allowance of an additional sum which is not authorized by the statute.

[2] It seems to me that orderly practice requires that this order should be applied for in the First district, where the judgment debtor lives.

Motion denied.